UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,

                         Plaintiff,

               - against-

ENERGY TECHNOLOGY MANAGEMENT &
THREADING, LLC,

                         Defendant.
-------------------------------------------------------------------X

Case No.: _____

**COMPLAINT FOR**
**DECLARATORY RELIEF**

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), through its undersigned ounsel, as and for its complaint against defendant Energy Technology Management & Threading, LLC ("ENGT") respectfully alleges the following:

## THE PARTIES

1. At all times relevant hereto, Mt. Hawley was an insurance company organized under the laws of the State of Illinois, maintaining its principal place of business at 9025 North Lindbergh Drive in Peoria, State of Illinois. Thus, Mt. Hawley is a citizen of the State of Illinois, and is not a citizen of the State of Louisiana.

2. At all times relevant hereto, Energy Technology Management & Threading, LLC ("ENGT") was a Louisiana limited liability company. ENGT's members and managers are Nida Sfeir, who is a resident and citizen of the State of Louisiana, and Energy & Technology Corp, which is a corporation organized under the laws of the State of Louisiana with its principal place of business in Lafayette, Louisiana. Thus, ENGT is a citizen of the State of Louisiana, but not the

State of Illinois. ENGT may be served through its registered agent, Kaliste Saloom, at 3639 Ambassador Caffery Parkway, Lafayette, Louisiana 70503.

## JURISDICTION AND VENUE

3. This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. 2201.

4. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. ENGT is subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

6. Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(3) because this lawsuit seeks a declaration of the parties' rights under a policy of insurance that contains the following mandatory forum selection provision:

### SERVICE OF SUIT AND CONDITIONS ENDORSEMENT

**Conditions**

**1**. This Policy is amended to add the following Conditions:

- **AA.** **Jurisdiction and Venue.** It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the **Insured** shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any **Insured** against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

- **BB.** **Choice of Law.** All matters arising hereunder including questions relating to the validity, interpretation, performance and enforcement of this Policy

shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

7. Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties. By this action, Mt. Hawley seeks a declaration as to the rights and obligations under an excess insurance policy issued by Mt. Hawley to ENGT in connection with a claim for insurance benefits arising from a lawsuit styled *Premience Energy, LLC v. Dufrene Pipe Company, Inc*, case no. C-94-19, pending in the 31st Judicial District Court for the Jefferson Davis Parish, Louisiana ("the "Underlying Lawsuit"). The dispute involves issues regarding the amount, if any, that Mt. Hawley is required to pay based on the terms of the policy at issue. Under Title 28 U.S.C. 2201, this Court has the power to declare obligations and duties of the parties and to give such other relief as may be necessary.

## GENERAL ALLEGATIONS

8. Mt. Hawley issued an Excess Liability Policy to ENGT, Policy No. NRX0000457 for the period January 18, 2020 to January 18, 2021 (the "Mt. Hawley Excess Policy"). The Mt. Hawley Excess Policy provides a $5 million Limit of Liability which applies excess of the limit provided by underlying insurance, including the underlying Mt. Hawley Policy No. NRG0000429 for the period January 18, 2020 to January 18, 2021 (the "Mt. Hawley Primary Policy"). The Mt. Hawley Primary Policy contains, in pertinent part, a Professional Liability Coverage Part providing a $1 million Each Claim Limit.

9. A true and correct certified copy of the Mt. Hawley Excess Policy is attached hereto and incorporated herein as **Exhibit 1**.

10. A true and correct certified copy of the Mt. Hawley Primary Policy is attached hereto and incorporated herein as **Exhibit 2**.

11.     On March 31, 2020, Premience Energy, LLC ("Premience") filed its First Amended and Restated Petition for Breach of Contract, Breach of Express and Implied Warranties, and Negligence against ENGT and others (the "Petition") seeking damages associated with remediating damage to a well Premience was drilling in Jefferson Davis Parish, Louisiana. Premience's only claim against ENGT was a claim for negligence. A true and correct copy of the Petition is attached hereto and incorporated herein as **Exhibit 3.**

12.     According to the Petition, Premience needed a string of casing pipe to complete the well, which it purchased from Dufrene Pipe Company, Inc. (also a defendant in the Underlying Lawsuit). Premience alleged that Dufrene retained ENGT to perform thread inspection, threading and testing pursuant to Dufrene's instructions and, after acquiring the casing, delivered it to ENGT. According to Premience, Dufrene retained ENGT to inspect the threads, re-thread the casing where appropriate, perform hydrostatic testing, conduct a full length drift on each joint of casing and inspect the wall of the casing for acceptable thickness and appropriate grade. Premience alleged that ENGT failed to adequately test the casing pipes, failed to inspect the wall of more than 30 joints of casing and failed to properly grade more than 30 joints of casing.

13.     As set forth in the Petition, Premience claimed that, on September 26, 2018, while running the casing into the well, the casing lost weight and stopped moving downhole, and parted when Premience attempted to pick up the casing. With respect to ENGT, Premience alleged that ENGT: (a) negligently inspected the casing pipe; (b) negligently tested the casing pipe; (c) negligently delivered the casing pipe to another contractor, IOS/PCI, LLC, for ultimate delivery to Dufrene, in that it intermixed different grades of casing pipe together and did not inform IOS or Premience of the situation; (d) negligently represented that the casing pipe delivered to IOS for

ultimate delivery to Premience had a higher quality, weight, and collapse pressure than it did; and (e) negligently failed to adequately test the casing pipe for defects.

14. The Underlying Lawsuit proceeded to trial and on Friday February 17, 2023, the jury found ENGT 100% responsible and awarded Premience $3,755,956.23 in damages consisting of $522,614.87 in past repair costs and $3,233,341.36 for future damages. Throughout the Underlying Lawsuit and trial, ENGT was defended by its general liability carrier, Nationwide E&S/Specialty, underwritten by Scottsdale Insurance Company, which issued a primary liability policy to EGNT with limits of $1,000,000 each claim and an excess policy providing $5,000,000 excess coverage.

15. Mt. Hawley is being asked to indemnify ENGT for a portion of the damages awarded in the Underlying Lawsuit.

16. As a preliminary matter, the Mt. Hawley Primary Policy contains Commercial General Liability, Contractors Pollution Liability and Professional Liability Coverage Parts. The only Coverage Part even arguably implicated by the allegations in the Underlying Lawsuit and the damages awarded therein (and thus even arguably implicated under the following form Mt. Hawley Excess Policy), is the Professional Liability Coverage Part.  The Underlying Lawsuit is not covered under the General Liability Coverage Part because the "occurrence" at issue did not happen during the policy period of the Mt. Hawley Primary Policy.  Similarly, the Pollution Liability Coverage Part is not implicated because the Underlying Lawsuit and damages awarded therein did not involve bodily injury, property damage, or corrective action costs caused by a "pollution incident" arising from ENGT's services.

17. In addition to the above referenced **SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**, the Insuring Agreement of the Mt. Hawley Excess Policy provides, in pertinent part, as follows:

**A.  Coverage**

Subject to the other provisions of this policy, we will pay on behalf of the insured the insured's **ultimate net loss** if such loss results from an occurrence insured by **underlying insurance**. However, the insurance afforded by this policy shall apply: (a) only in excess of the **underlying insurance**; (b) only after the **underlying insurance** has been exhausted by payment of the limits of liability of such insurance; and (c) only if caused by an occurrence which takes place during the policy period and anywhere in the world; provided however, if suit is brought, such suit is brought in the United States, its territories or possessions, or Canada. If the **underlying insurance** does not pay a loss, for reasons other than exhaustion of an aggregate limit of liability, then we shall not pay such loss.

This policy, except where provisions to the contrary appear herein, is subject to all of the conditions, agreements, exclusions, definitions and limitations of and shall follow the **underlying insurance** in all respects. This includes changes by endorsement.

18. The Mt. Hawley Excess Policy also includes a **CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE EXCLUSION** endorsement which provides as follows:

1.  This insurance does not apply to any damages because of or related to **bodily injury**, **property damage**, or **personal and advertising injury**:

    a.  Which first existed, or alleged to have first existed, prior to the inception date of this policy; or

    b.  Which are, or are alleged to be, in the process of taking place prior to the inception date of this policy, even if the actual or alleged **bodily injury**, **property damage**, or **personal and advertising injury** continues during this policy period.

2.  This insurance does not apply to any damages because of or related to **property damage**, or **personal and advertising injury** which were caused, or are alleged to have been caused by any defect, deficiency, inadequacy or condition which first existed prior to the inception date of this policy.

> We shall have no duty to defend any insured against any loss, claim, **suit**, or other proceeding alleging damages arising out of or related to **bodily injury**, **property damage**, or **personal and advertising injury** to which this endorsement applies.
>
> If not specifically defined by the policy or in this endorsement, bolded terms are defined by the **underlying insurance** and incorporated herein.

19.   In addition, as set forth above, the Mt. Hawley Excess Policy follows the form of the underlying Mt. Hawley Primary Policy, and is, therefore, subject to the following exclusion contained in the Professional Liability Coverage Part of the Mt. Hawley Primary Policy:

> **2. EXCLUSIONS**
>
> This insurance does not apply to:
>
> v.   **Products Liability**
>
> Any "claim" based upon or arising out of goods or products manufactured, sold, handled, distributed, altered or repaired by the insured or by others trading under the insured's name, including any container thereof, any failure to wam [sic], or any reliance upon a representation or warranty made at any time with respect thereto.

20.   The Professional Liability Coverage Part of the Mt. Hawley Primary Policy contains the following relevant definitions:

> **SECTION VII – DEFINITIONS**
>
> \* \* \*
>
> 3.   "Claim means a demand received by the insured for money or services that arises from an act, error or omission to which this insurance applies. "Claim" includes but is not limited to "suits", petitions, arbitrations or other alternative dispute resolution requests filed against the insured.
>
> \* \* \*
>
> 6.   "Damages" means a monetary judgment, award or settlement of compensatory damages including "damages" because of an actual or alleged act, error or omission in the performance of "professional services". "Damages" do not include fines, taxes, penalties, or punitive, exemplary, or multiplied damages, injunctive or equitable relief, or the return of fees or charges for services rendered or expenses incurred by the insured for redesign, changes, additions or remedies necessitated by a "claim". The time

      and expense incurred by the insured in assisting in resolving a "claim" are not "damages".

\* \* \*

19.    "Property damage" means:

    a. Physical injury to, destruction of or contamination of tangible property, including the resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury, destruction or contamination that causes it . . .

\* \* \*

23.    "Suit" means a civil proceeding in which "damages" that result from an act, error or omission in the performance of "professional services" to which this insurance applies are alleged. . . . [1]

21.    As set forth in the Petition, the property damage alleged in the Underlying Lawsuit occurred on September 26, 2018, when the casing lost weight, stopped moving downhole, and parted when Premience attempted to pick up the casing. Because this property damage existed or was alleged to have first existed and/or was or was alleged to be in the process of taking place prior to the inception date of the Mt. Hawley Excess Policy (January 18, 2020), the damages awarded in the Underlying Lawsuit are excluded from coverage under the above quoted **CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE EXCLUSION** endorsement.

22.    In addition, the Underlying Lawsuit or "claim" against ENGT clearly arose out of goods or products (the casing) handled, distributed or altered by ENGT. As a result, the insurance does not apply to the damages awarded against ENGT in the Underlying Lawsuit under the above quoted **Products Liability** exclusion.

---

[1] Mt. Hawley is not waiving any right to assert additional policy defenses based upon such provisions and further development of the facts.

## AS AND FOR A FIRST CLAIM FOR RELIEF

*(Declaratory judgment)*

23. Mt. Hawley re-alleges and incorporates by reference the allegations above.

24. By virtue of the foregoing, there exists an actual, justiciable controversy between the parties.

25. Mt. Hawley seeks a declaratory judgment that the damages awarded against ENGT in the Underlying Lawsuit are not covered under the Mt. Hawley Excess Policy under the above quoted **CONTINUOUS OR PROGRESSIVE INJURY AND DAMAGE EXCLUSION** endorsement.

26. Mt. Hawley further seeks a declaration that it does not owe any amounts to ENGT.

## AS AND FOR A SECOND CLAIM FOR RELIEF

*(Declaratory judgment)*

27. Mt. Hawley re-alleges and incorporates by reference the allegations above.

28. By virtue of the foregoing, there exists an actual, justiciable controversy between the parties.

29. Mt. Hawley seeks a declaratory judgment that the damages awarded against ENGT in the Underlying Lawsuit are not covered under the Mt. Hawley Excess Policy under the above quoted **Products Liability** exclusion.

30. Mt. Hawley further seeks a declaration that it does not owe any amounts to ENGT.

## PRAYER FOR RELIEF

**WHEREFORE**, Mt. Hawley Insurance Company respectfully requests that the Court enter judgment finding and declaring the rights of the parties as follows:

   A. A declaratory judgment that the damages awarded against ENGT in the Underlying Lawsuit are not covered under the Mt. Hawley Excess Policy; and

B. A declaratory judgment that Mt. Hawley does not owe any amount to ENGT under the Mt. Hawley Excess Policy; and

C. Such other and further relief to which Mt. Hawley may show itself justly entitled.

Dated: February 28, 2023.

Respectfully submitted,

DELAHUNT LAW PLLC

By: _____/s/_____
Timothy E. Delahunt, Esq.
Bar Roll No. TD-2791
tdelahunt@delahuntpllc.com

295 Main Street, Suite 836
Buffalo, NY  14203
Tel. (716) 878-9178
Fax. (716) 878-9179

***ATTORNEYS FOR PLAINTIFF MT. HAWLEY INSURANCE COMPANY***